# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLA DAVIS-HINKLE,<br><br>            Plaintiff,<br><br>v.<br><br>ANNA KHODZHAYEVA-MARIANO, D.M.D., PC t/d/b/a MODERN SMILE, ANNA KHODZHAYEVA-MARIANO, D.M.D., and CAROL PALKO,<br><br>            Defendants. | JURY TRIAL DEMANDED<br><br>Civ. No. _____ |

## **COMPLAINT**

Plaintiff, Lola Davis-Hinkle, by her counsel, Law Office of Peter C. Wood, Jr., PC, and Anders Law Offices, LLC, brings this action against Defendants, Anna Khodzhayeva-Mariano, D.M.D., PC t/d/b/a Modern Smile, Anna Khodzhayeva-Mariano, D.M.D, and Carol Palko. Plaintiff alleges upon knowledge as to herself and her own acts, and otherwise upon information and belief, as follows:

## **INTRODUCTION**

1. Plaintiff Lola Davis-Hinkle ("Plaintiff") brings the instant action to redress harm caused by Defendants' willful violations of her rights as secured by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.* ("FLSA").

2. Plaintiff, a competent and experienced Expanded-Functions Dental Assistant with a solid employment history, was recruited by Defendant Anna Khodzhayeva-Mariano, D.M.D. ("Khodzhayeva") to join her dental practice, Defendant Anna Khodzhayeva-Mariano, D.M.D., PC t/d/b/a Modern Smile ("Modern Smile") in or around May 2016.

3. Throughout the course of her employment at Defendant Modern Smile, Plaintiff was by all accounts a model employee, maintaining a flawless disciplinary record and implementing a series of operational improvements to increase revenue and patient intake.

4. On March 14, 2018, Defendant Khodzhayeva and Defendant Modern Smile's Clinical Manager, Defendant Carol Palko ("Palko") (together with Modern Smile and Khodzhayeva, "Defendants") enacted a written policy which provided that employees who did not punch-in at the beginning of their shifts would have their wages docked, regardless of the amount of time that they actually worked, in violation of the FLSA.

5. Plaintiff immediately complained to members of Defendant Modern Smile's management, including Defendant Palko, that the policy was unlawful, and thereafter contacted an attorney and a representative from the United States Department of Labor ("DOL"), both of whom advised Plaintiff that the policy violated the FLSA.

2

6. Following her conversations with legal counsel and the DOL, Plaintiff again complained to Defendant Modern Smile's management that the policy was illegal.

7. The very next day, on March 15, 2018, Defendants Palko and Khodzhayeva terminated Plaintiff's employment, for the stated reason that Plaintiff had "challenged" the legality of the policy.

8. Through their retaliatory conduct, Defendants violated the FLSA, causing harm to Plaintiff, as further set forth below.

## PARTIES

9. Plaintiff is an adult individual and a former employee of Defendant Modern Smile.

10. Defendant Modern Smile is a Pennsylvania corporation with a principal place of business located at 330 West Butler Drive, Drums, Pennsylvania 18222.

11. At all times relevant and material herein, Defendant Modern Smile acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for said Defendant.

12. Defendant Khodzhayeva is an adult individual and served as the President of Defendant Modern Smile at all times relevant and material herein.

13. At all times relevant and material herein, Defendant Khodzhayeva acted directly or indirectly in the interests of Defendant Modern Smile in relation to Plaintiff.

14. Defendant Palko is an adult individual and was hired to serve as the Clinical Manager of Defendant Modern Smile in early 2018.

15. At all times relevant and material herein, Defendant Palko acted directly or indirectly in the interests of Defendant Modern Smile in relation to Plaintiff.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

17. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

18. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## **FACTUAL ALLEGATIONS**

19. Plaintiff began working in the dental industry as an Expanded-Functions Dental Assistant in 2009.

20. Prior to joining Defendant Modern Smile, Plaintiff worked as an Expanded-Functions Dental Assistant for Dr. Jerome Benz, D.M.D. for approximately 7 years, where she gained considerable knowledge in her field.

21. Plaintiff first met Defendant Khodzhayeva at a continuing education course in Philadelphia, Pennsylvania in early 2016.

22. Soon thereafter, Defendant Khodzhayeva recruited Plaintiff to join Defendant Modern Smile.

23. Plaintiff commenced her employment at Defendant Modern Smile as a part-time Expanded-Functions Dental Assistant in or around May 2016, and was promoted to a full-time Expanded-Functions Dental Assistant in or around April 2017.

24. Plaintiff was paid $16.00 per hour, plus commissions based on each teeth whitening procedure that she performed, and had been promised a raise to $18.00 per hour along with health benefits by Defendant Khodzhayeva.

25. Throughout Plaintiff's tenure at Defendant Modern Smile, she was a model employee and, in fact, implemented a series of operational improvements to increase revenue and patient intake, including a computerized inventory-tracking

system and an in-office teeth whitening program, and was in the process of finalizing a strategic partnership with a local sleep apnea center at the time of her termination.

26. Plaintiff had no disciplinary history throughout the course of her employment at Defendant Modern Smile.

27. At all times relevant and material herein, Defendant Khodzhayeva, as the President of Defendant Modern Smile, exercised significant control over decisions concerning Defendant Modern Smile's day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation, and oversaw all of Defendant Modern Smile's employees, including Plaintiff.

28. Following Defendant Palko's commencement of employment with Defendant Modern Smile in early 2018, she was authorized by Defendant Khodzhayeva to make decisions concerning Defendant Modern Smile's day-to-day operations, hiring, firing, promotions, personnel matters, and work schedules, and to oversee all of Defendant Modern Smile's employees other than Defendant Khodzhayeva, including Plaintiff.

29. On or around March 14, 2018, Defendants Khodzhayeva and Palko enacted a written policy (the "Policy") which provided that employees who did not

6

punch-in at the beginning of their shifts would have their wages docked, regardless of the amount of time that they actually worked.

30. The Policy violated the FLSA.

31. On the same date that the Policy was enacted, Defendant Palko presented Plaintiff with a copy of the Policy and requested that she sign the same.

32. Upon presenting Plaintiff with the Policy, Defendant Palko reiterated the Policy's purpose: that employees who did not punch-in at the beginning of their shifts would have their wages docked, regardless of the amount of time that they actually worked.

33. Plaintiff responded to Defendant Palko that she believed the Policy was illegal, and was not comfortable signing the Policy.

34. Defendant Palko advised Plaintiff that if she did not sign the Policy, she would be "let go."

35. Plaintiff complied and signed the Policy.

36. Following the conclusion of her shift on March 14, 2018 – which was prior to Defendant Modern Smile's close of business – Plaintiff consulted with an attorney and contacted a representative from the DOL concerning the Policy.

37. Both individuals advised Plaintiff that the Policy was unlawful.

38. Immediately thereafter, Plaintiff called Defendant Modern Smile's Office Manager, Mandy Shema ("Shema"), and explained that she had consulted

with an attorney and a representative from the DOL, and that both persons had advised her that the Policy was illegal.

39. Plaintiff therefore requested that the executed Policy be removed from her personnel file.

40. Following her phone call to Shema, Plaintiff sent a text message to Shema, as well as one of Plaintiff's coworkers, complaining that the Policy violated the FLSA.

41. Plaintiff's text message to Shema stated, in relevant part:

> The Fair Labor Standards Act states that employees must receive pay for all time worked. This means that it is illegal to dock an employee's wage for clocking-in late or if they forget to clock-in if they actually worked during the time the system missed. It is also illegal to do this as a disciplinary measure. Basically, hourly or exempt employees must get paid for the time they worked, regardless of what time they actually clocked-in. If they showed up and started working at 9:00, but forget to clock-in until 10:00, they must be paid from 9:00 onward anyway.

42. In the early evening on March 14, 2018, Shema, Defendant Palko, and Defendant Khodzhayeva were observed holding an after-hours meeting.

43. Upon information and belief, Shema communicated Plaintiff's complaint to Defendants Palko and Khodzhayeva at the meeting.

44. The very next day, on March 15, 2018 – which was scheduled as Plaintiff's day off – Defendant Palko requested that Plaintiff report to the office.

45. Upon Plaintiff's arrival, Defendant Palko advised Plaintiff that she and Defendant Khodzhayeva had decided to terminate her employment.

46. When Plaintiff questioned Defendant Palko as to the reason for her termination, Defendant Palko responded, "Why did you have to send Mandy [Shema] that text message?" and, "Why did you have to call your attorney friend?"

47. Defendant Palko then requested Plaintiff's office keys and asked her to leave the building.

48. Plaintiff immediately called Defendant Khodzhayeva, who was not present in the office, in tears, and pleaded for her job back.

49. Plaintiff apologized for contacting an attorney and the DOL, and explained that she simply had been attempting to understand her legal rights.

50. Defendant Kkodzhayeva responded that Plaintiff had "challenged" her by questioning the legality of the Policy, and that the decision to terminate Plaintiff was final.

51. Following Plaintiff's termination, she sent a mutual friend of herself and Defendant Kkodzhayeva to her former office to retrieve her personal items.

52. Plaintiff's friend attempted to convince Defendant Kkodzhayeva to reconsider Plaintiff's termination, but Defendant Khodzhayeva reiterated her position that Plaintiff was terminated for "challeng[ing]" the Policy, and stated that the decision to terminate Plaintiff was final.

9

53. Through their conduct, Defendants Modern Smile, Palko, and Khodzhayeva violated the FLSA.

54. Despite nearly 10 months of diligent searching, Plaintiff has been unable to secure comparable employment, and remains unemployed.

55. Further, as a result of Defendants' conduct, Plaintiff has suffered and continues to suffer considerable emotional distress.

## COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT: RETALIATION**
**(Plaintiff v. All Defendants)**

56. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

57. At all times relevant and material herein, Defendant Modern Smile had annual gross revenues in excess of $500,000.00, and engaged in commerce or the production of goods for commerce and/or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to teeth whitening materials manufactured and sold by Ultradent Products, Inc., a Utah-based company.

58. In the alternative, at all times relevant and material herein, Plaintiff engaged in commerce or the production of goods for commerce and/or handled, sold, or otherwise worked on goods or materials that had been moved in or

10

produced for commerce, including but not limited to teeth whitening materials manufactured and sold by Ultradent Products, Inc., a Utah-based company.

59. At all times relevant and material herein, Defendants were Plaintiff's "employer[s]" within the meaning of 29 U.S.C. § 203(d).

60. At all times relevant and material herein, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

61. 29 U.S.C. § 215(a)(3) provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to [the FLSA]."

62. Upon Defendants' enacting of the unlawful Policy, Plaintiff: (i) complained to Defendant Palko and Defendant Modern Smile's Office Manager that the Policy violated the FLSA; (ii) contacted legal counsel and the DOL concerning the Policy; and (iii) requested that the executed Policy be removed from her personnel file.

63. One day later, as a direct result of Plaintiff's internal and/or DOL complaint and/or consultation with legal counsel, Defendants terminated Plaintiff.

64. In fact, Defendants Palko and Khodzhayeva made clear to Plaintiff that she was terminated for questioning the legality of the Policy.

65. Through their conduct, Defendants violated the FLSA.

66. Defendants' retaliatory termination of Plaintiff constitutes a willful violation of the FLSA sufficient to subject Defendants to liquidated damages.

67. The conducted engaged in by Defendants constitutes reckless indifference to the rights of Plaintiff sufficient to subject Defendants to punitive damages.

68. Plaintiff has been injured as a result of Defendants' conduct in that she has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, anguish, person hardship, career and social disruption, psychological and emotional harm, economic losses, and lost employment opportunities.

69. Due to Defendants' willful FLSA violation, Plaintiff is entitled to recover compensatory damages, front pay, liquidated damages, punitive damages, and an award of reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that a judgment be entered in her favor and against Defendants in the following respects:

a) An order awarding damages on all counts herein, including compensatory damages, front pay, liquidated damages, and punitive damages;

b) An order awarding attorneys' fees and expenses;

c) All other relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

                                                       Respectfully submitted,

                                                       **Law Office of Peter C. Wood, Jr., PC**

Date: 1/16/2019               BY:    *s/ Peter C. Wood, Jr.*
                                                             Peter C. Wood, Jr., Esq. (PA 310145)
                                                             1170 Route 315, Suite 1
                                                             Wilkes-Barre, PA 18702
                                                             Phone: (570) 234-0442
                                                             Fax: (570) 266-5402
                                                             peter@pcwlawoffice.com
                                                             **Anders Law Offices, LLC**

                                                 BY:    *s/ Bruce K. Anders*
                                                             Bruce K. Anders, Esq. (I.D. No. 39513)
                                                             Robert Anders, Esq. (I.D. No. 323593)
                                                             1170 Route 315, Suite 2
                                                             Wilkes-Barre, PA 18702
                                                             Phone: (570) 824-7739
                                                             Fax: (570) 822-2774
                                                             brucekanders@anderslawoffices.com
                                                             robertanders@anderslawoffices.com

                                                             *Co-Counsel for Plaintiff Lola Davis-Hinkle*